THE STATE *ex rel.* JOHN IRELAND *v.* JOHN TAPSCOTT and others.

"The refusal of a Sheriff to pay back, on demand, money received through a mutual mistake, in excess of true amount of an execution collected by him, is a private matter to be settled between the parties, and is not a breach of his official bond, for which his sureties can be held responsible.

"Where a party accepts, in full satisfaction of a demand he makes on a sheriff and his sureties for money received through mistake, a judgment obtained against himself, by one of those sureties, which judgment is, at his request, assigned to his son, and at the same time releases the surety assigning the the judgment, "from all responsibility and liability in any way arising out of his being surety," &c., such assignment operates as a payment in full of the demand, and inures to the benefit of his co-sureties and principal, and is a bar to any action which may be brought against him or them therefor.

CIVIL ACTION, tried before *Tourgee, J.,* at Fall Term, 1872, of ALAMANCE Superior Court.

The suit was brought by the relator against the defendant Tapscott, as sheriff, and the other defendants, his sureties, on his official bond for the year 1858, to recover the sum of $204.19, which sum the plaintiff alleged the defendant had received by mistake as sheriff of Alamance county, in excess of the true amount due on a certain execution issued by the Court of Pleas and Quarter Sessions of Caswell county against the relator, and which the defendant refused to return to him on demand. The defendant's counsel moved to dismiss the action, for the reason that the facts stated in the plaintiff's complaint, was not sufficient to support an action on the official bond of the defendant, Tapscott, his demand not being embraced in any of the condi-

tions of that bond.   This motion his Honor on the trial below refused, and the defendant excepted.

The defendant then introduced evidence tending to show that this demand of the relator had been settled at the instance of the defendant, by one G. M. Hazell, who was also a surety on his official bond, and who held an execution against the relator, and which had been levied on his, the relator's, mill and land; that this judgment and execution was assigned to a son of the relator on account of the embarrassment of the latter, and that in consideration of such assignment, the relator and his sons executed to Hazell a paper in these words:

> "STATE OF NORTH CAROLINA,
> *Alamance County.*

Know all men by these presents, that we, John Ireland, John R. Ireland, and W. W. Ireland, for value received, do hereby release G. M. Hazell from all responsibility and liability in any way arising out of his being surety on John Tapscott's official bond as sheriff of said county, or in any other way.

Given under our hands and seals this 5th day of November, 1869."

Signed, seal and witnessed.

The witness, W. J. Murray, testified that he drew the foregoing paper at the request of the relator and Hazell; that he first drew an instrument in all respects similar, except that John Tapscott's name was inserted in connection with Hazell's; that the relator refused to sign the first, saying that "he did not wish to hurt Tapscott, but would hold on to him in order to get after the Griffises," the other sureties.

The counsel for the relator insisted, as there was no spe-

cial plea of "release," no evidence tending to show one, should be allowed to go to the jury, and asked his Honor so to rule.

It was contended on the part of the defendant that the instrument read to the jury was a release, and as such operated to discharge the other obligors in the bond of the sheriff, the defendant Tapscott.

His Honor charged the jury that the instrument referred to, and above set out, was not a "release," but a "covenant not to sue," and was not a bar to this action. The defendant excepted.

There was a verdict and judgment for the relator, from which the defendant appealed.

*W. A. Graham,* for appellant.

1. Injury complained of, not a breach of the Sheriff's bond. Rev. Code, chap. 105, sec. 13. *State* v. *Pool,* 5 Ired. 105. Sheriff was not liable on his bond for claims within a magistrate's jurisdiction till made so by statute. *State* v. *Long,* 7 Ired. 379. Sheriff and sureties not liable on his official bond for moneys which the Sheriff received on deposit, instead of taking bail. *State* v. *Long,* 8 Ired. 415; *Ibid,* 513. Sureties not liable for a trespass committed by a Sheriff under color of his office. *State* v. *Brown,* 11 Ired. 141; *Brooks* v. *Gibbs,* 2 Jones, 326; *Mills* v. *Allen,* 7 *Ibid,* 564.

2. Release of Hazell was a release of his co-sureties and principal. *Gates* v. *Pollock,* 5 Jones, 344; *Mendenhall* v. *Parrish,* 8 *Ibid,* 105. Accord and satisfaction. *Cabe* v. *Jameson,* 10 Ired. 193; *Mathis* v. *Bryson,* 4 Jones, 508; *State* v. *Corden,* 8 Ired. 179.

His Honor instructed the jury, that the agreement and the release to Hazell was no bar. This was error. See, too, Code C. P., sec. 99, p. 40.

*J. W. & J. A. Graham,* contra.

1. A Sheriff is liable on his official bond for not paying over to defendant in execution any surplus he may have in hand after satisfying the execution. He becomes possessed of the money by color of his office, and his sureties are therefore liable. The sureties are liable for anything done by him *virtute officii.* *State* v. *Reed,* 6 Ired. 80 ; *State* v. *Pool,* 5 Ired. 109. The defendant in the execution, alone, has the right to the surplus. *Taylor* v. *Williams,* 1 Ired. 249.

2. In case of doubt, an instrument will be construed as a covenant not to sue rather than a release. *Russell* v. *Addison,* 64 N. C. Rep. 417. Parol evidence is admissible to show what is intended to be released. Bac. Ab. vol. 8, p. 247. Parol evidence is not admissible to alter, vary or add to a written instrument. It may be received to elucidate or explain it. *Clark* v. *McMillan,* 2 Car. L. R. 244. This rule applies only to parties to the contract and their privies. Between one of the parties and a stranger, the rule does not apply. *Reynolds* v. *Magness,* 2 Ired. 26. See Bovier's Law Dic. vol. 2, p. 297.

3. A release must be specially pleaded. Chit. on Plead. 1 p. 485. Pleading is a statement of facts, and not of argument. *Ibid,* p. 539. Therefore a defendant cannot set up a release, especially a release to one not a party to the action, unless it has been specially pleaded ; nor will a discharge of one of the parties to a bond admit of the production of a release to another. It is not sufficiently certain. A plea of accord and satisfaction on a bond, is not good unless it avers an acquittance under seal. *Ligon* v. *Dunn,* 6 Ired. 133.

4. When the Judge below has misdirected the jury, yet the verdict has been such as it ought to have been, had there been no misdirection, this Court will not grant a new trial. It will only do so when the misdirection has misled

the jury into a wrong verdict. *Reyholds* v. *Magness,* 2 Ired. 26.

PEARSON, C. J. We are inclined to the opinion that a refusal to pay back money received by a sheriff in excess of the amount, balance due upon an execution in his hands, by a mistake in the mode of calculation, or by a mistake in reference to the introduction of other private matters of business on a " settlement," (meaning an account stated,) is not a breach of the official bond of the sheriff, and is a private matter to be settled between the parties in correction of a mutual mistake, with which the security of the sheriff had no concern.

The cases cited by plaintiff's counsel, to the effect that if a sheriff in order to make the money, is forced to sell an article, and the proceeds of sale is in excess of the amount due on the execution, the excess belongs to the defendant in the execution, and for a refusal to pay, an action lies on the bond, because he collected the money, *virtute officii,* are wide of the mark, when relied on to support the position, that money received by mutual mistake, was collected *virtute officii.*

We put our opinion on the ground, that Hazell, one of the sureties on the bond, at the instance and request of the plaintiff, transferred to a son of the plaintiff a judgment against the plaintiff, which had been duly levied on his land, which transfer the plaintiff accepted in full satisfaction of any right of action which he may have been entitled to on the sheriff's bond, by reason of the alleged mistake. Suppose Hazell had paid to the plaintiff the amount of his claim in money, would not such payment have operated to extinguish the claim, so as to inure to the benefit of the other obligors? It can make no difference, that instead of paying money, Hazell paid money's worth, to-wit: a judgment which he held against the plaintiff, that was actually

levied upon the property, and of course, was as good to him as cash.

There is error.

PER CURIAM.                                     Judgment reversed.